UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SEAN BROOKS SKIRLAW,

                Plaintiff,

v.

JOHN FORRESTER,

                Defendant.

Case No. C08-5398RJB-KLS

ORDER REGARDING PLAINTIFF'S AMENDED COMPLAINT

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on plaintiff's filing of a first amended complaint. (Dkt. #19). After reviewing plaintiff's amended complaint, defendant's response thereto and the balance of the record, the Court finds and orders as follows:

On August 5, 2008, the Court issued an order (Dkt. #8) directing service of plaintiff's original complaint (Dkt. #6). On October 2, 2008, defendant filed his answer to that complaint. (Dkt. #17). On October 6, 2008, the Court issued a pretrial scheduling order, setting forth the deadlines for completing discover in this matter, filing dispositive motions and filing a joint status report. (Dkt. #18). On October 15, 2008, plaintiff filed a proposed first amended complaint (Dkt. #19), and a memorandum of record in support of his filing thereof (Dkt. #20).

On October 28, 2008, defendant filed a response to plaintiff's first amended complaint. (Dkt. #21).

In his response, defendant requests that the Court strike plaintiff's first amended complaint, because he did not seek written consent from defendant or request leave from the Court prior to filing that complaint as required by Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a). But this is not actually what that rule provides. Rather, Fed. R. Civ. P. 15(a) states in relevant part:

> **(a) Amendments Before Trial.**
>
> > **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course:
> >
> > > **(A)** before being served with a responsive pleading; . . .
> >
> > . . .
>
> **(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

In his memorandum of record, plaintiff states that while defendant filed a copy of the answer with the Court on October 2, 2008, a copy it was sent to plaintiff at the wrong mailing address, the Washington Corrections Center, located in Shelton, Washington. Plaintiff states, however, that the correct mailing address for him at the time was, and still is, the Stafford Creek Corrections Center, located in Aberdeen, Washington. See (Dkt. #16-#17). Plaintiff further states that he did not actually physically receive a copy of the answer from defendant until October 14, 2008, or four days after he signed and submitted his first amended complaint to the Court. See (Dkt. #19-#20).

Defendant does not dispute plaintiff's version of the above events. Indeed, defendant makes no mention of the issue of service anywhere in his response. The Court, therefore, finds the record supports plaintiff's assertion that he did not receive – i.e., was not served with – a copy of the answer until after he already had submitted his first amended complaint for filing with the Court. As such, plaintiff did not have to obtain consent from defendant or leave from the Court prior to filing his first amended complaint, and, accordingly, the Court accepts it for filing pursuant to Fed. R. Civ. P. 15(a)(1)(A).

Defendant argues that at most in his first amended complaint, plaintiff has somewhat changed the wording of his claims and damage requests, and does not raise any legitimate new causes of action. That complaint, defendants thus assert, is merely a restatement of the same factual allegations – albeit in a less specific manner than the original complaint – and issues in slightly different language. Be that as it may, the fact is that given the uncontested procedural history outlined above, plaintiff is entitled to amend his

1 | original complaint once as a matter of course here.

2 | Pursuant to Fed. R. Civ. P. 15(a)(2), "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 10 days after service of the amended pleading, whichever is later." Here, the time remaining in which to respond to plaintiff's original complaint has passed, and it appears that seven days already have passed since defendant received notice of the filing of the first amended complaint. See (Dkt. #21). As such, defendant shall file an amended answer to the first amended complaint by **no later than November 13, 2008**, or ten days after the date of this Order.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendant.

DATED this 3rd day of November, 2008.

Karen L. Strombom
United States Magistrate Judge